UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————

Nº 99 Civ. 8607 (RJS)

———————————

GLENCORE DENREES PARIS and GLENCORE GRAIN ROTTERDAM, B.V.,

Plaintiffs,

VERSUS

DEPARTMENT OF NATIONAL STORE BRANCH 1, TIEN GIANG IMPORT-EXPORT COMPANY, and THE SOCIALIST REPUBLIC OF VIETNAM,

Defendants.

———————————

MEMORANDUM AND ORDER
September 19, 2008

———————————

RICHARD J. SULLIVAN, District Judge:

Glencore Denrees Paris and Glencore Grain Rotterdam B.V. (collectively, "Glencore" or "Plaintiffs") seek to enforce arbitral awards issued by the International Chamber of Commerce relating to cancelled contracts for the purchase of Vietnamese long grain white rice. In the Amended Petition before this Court, Glencore named as Respondents Department of National Store Branch 1 ("National Store"), Tien Giang Import-Export Company ("Tigimex"), and the Socialist Republic of Vietnam ("Vietnam" or "Defendant").[1]

---

[1] The parties refer to themselves as "Plaintiffs" and "Defendant" in their respective motions. For the sake of clarity and consistency, the Court uses the designations adopted by the parties: Petitioners-Plaintiffs, the Glencore entities, are referred to as "Plaintiffs"; Respondent-Defendant Vietnam is referred to as "Defendant." Relatedly, although Plaintiffs refer to the "Amended Verified Complaint" in their cross-motion (*see, e.g.*, Pls.' Mem. at 15), the Court assumes Plaintiffs intend to refer to the Amended Petition docketed as document number 49 in this matter.

Before the Court are Vietnam's motion for summary judgment and Glencore's cross-motion under Rule 37 of the Federal Rules of Civil Procedure. Specifically, Vietnam argues that the Court lacks subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1601 *et seq.* (hereinafter, "FSIA"). Glencore in turn argues, pursuant to Rule 37(b), that Vietnam has abused the discovery process. Accordingly, Glencore asks the Court to deem certain paragraphs of the Amended Petition admitted and to strike certain items produced by Vietnam, including interrogatory responses, documents, and affidavits submitted in support of Vietnam's motion for summary judgment. Alternatively, Glencore seeks an order compelling Vietnam to produce for depositions three witnesses who appear as affiants in support of Vietnam's instant motion.

For the reasons that follow, Plaintiffs' motion is granted in part and denied in part. Vietnam is hereby ordered to produce Le Hoang Thu and Nguyen Quoc Tien for depositions, and Vietnam's motion for summary judgment is dismissed without prejudice to renewal upon completion of the discovery described herein.

I. BACKGROUND[2]

A. Facts

Plaintiffs Glencore Denrees Paris and Glencore Grain Rotterdam B.V. are European corporations chartered under the laws of France and the Netherlands, respectively. (Pls.' 56.1 ¶ 1.)[3] On July 17, 1994, RICHCO Rotterdam BV ("RICHCO"), an entity to which Plaintiffs are successors in interest, contracted with National Store for the purchase of forty to fifty thousand metric tons of Vietnamese long grain white rice. (*Id.* ¶ 7-8.) The contract was negotiated for National Store by Le Hoang Thu, who was the Director of National Store in 1994. (Pls.' 56.1 ¶ 9; *see also* Def.'s 56.1 ¶ 9.) On July 20, 1994, RICHCO contracted with Tigimex for the purchase of an additional forty thousand tons of Vietnamese long grain white rice. (Pls.' 56.1 ¶ 12.) Negotiations on behalf of Tigimex were conducted by Nguyen Quoc Tien, who was the director of Tigimex at the time. (*Id.* ¶ 14; *see also* Def.'s 56.1 ¶ 14.) Plaintiffs concede that Vietnam was not a party to either contract, and neither contract contained an express guarantee of performance by Vietnam in the event that National Store or Tigimex failed to perform. (*See* Pls.' 56.1 ¶¶ 10-11, 15-16; Def.'s 56.1 ¶¶ 10, 15.)

In late 1994, Vietnam's Mekong Delta experienced heavy rainfall. (Pls.' 56.1 ¶ 17.) Defendant alleges that the resulting flooding led the Vietnamese government to adopt emergency measures to stave off famine among its people, including the temporary

---

[2] The Court assumes familiarity with the facts and procedural history as outlined in prior opinions relating to this matter. *See Glencore Denrees Paris et al. v. Dep't of Nat'l Store Branch 1 et al.*, No. 99 Civ. 8607 (NRB), 2000 WL 1835345 (S.D.N.Y. Dec. 13, 2000); *Glencore Denrees Paris et al. v. Dep't of Nat'l Store Branch 1 et al.*, No. 99 Civ. 8607 (NRB), 2000 WL 913843 (S.D.N.Y. July 7, 2000); *Glencore Denrees Paris et al. v. Dep't of Nat'l Store Branch 1 et al.*, No. 99 Civ. 8607 (NRB), 2000 WL 777904 (S.D.N.Y. June 15, 2000).

[3] The following facts are taken from the pleadings, the parties' respective Local Rule 56.1 statements of facts, and additional materials submitted in connection with the resolution of the instant motions. For the purposes of any such citations, where only one party's Rule 56.1 statement is cited, the opposing party does not dispute that fact or has offered no admissible evidence to controvert that fact.

suspension of all rice exports. (Def.'s 56.1 ¶¶ 17-18.) Plaintiffs assert that Vietnam issued a directive requiring Vietnamese companies exporting rice to renegotiate existing contracts. (Pls.' 56.1 ¶ 18.) Plaintiffs contend that the sole purpose of the directive was to achieve more favorable prices and that this commercial motive ultimately caused National Store and Tigimex to cancel their respective contracts with RICHCO. (*See id.* ¶¶ 18-19.)

B. Procedural History

On December 22, 1994, Plaintiffs commenced two separate arbitration proceedings before the International Chamber of Commerce ("ICC") in Paris against National Store and Tigimex. Vietnam was not named as a party to either arbitration. (*See* Pls.' 56.1 ¶ 21.) Vietnam alleges that it was not served with notice of the arbitration; Plaintiffs assert that the arbitration was commenced with notice to "all interested parties" and that Vietnam was "on notice through its agents." (*Id.* ¶ 22; Def.'s 56.1 ¶ 22.) The ICC entered arbitration awards against National Store and Tigimex in November 1996. (*See* Harwood Aff. Exs. 4, 5.) The ICC awards were styled as follows:

> The Claimants expressly stated that the Defendant shall be identified in this Award as: Department of National Store Branch 1, taken in its own name and as a State Organization of the Socialist Republic of Vietnam and representative agent of the Government. The Defendant has not pronounced itself on this designation. It is alone up to the Claimants to decide whom they want to identify as Defendant. In the absence of any contestation by the person named as Defendant the Tribunal takes note of the designation as indicated by the Claimants.

(*Id.* Ex. 4 ¶ 4.4; *see also id.* Ex. 5 ¶ 4.4.)

Plaintiffs filed a petition to confirm the ICC arbitration awards in this Court on August 3, 1999, adding the Socialist Republic of Vietnam as a separate respondent. *See Glencore Denrees Paris et al. v. Dep't of Nat'l Store Branch 1 et al.*, No. 99 Civ. 8607 (NRB), 2000 WL 913843, at *1 (S.D.N.Y. July 7, 2000). On October 5, 1999, Plaintiffs moved for default judgment as to each respondent, this time naming Vietnam as a joint and several judgment debtor. *Id.* The Honorable Naomi Reice Buchwald, District Judge, granted the motion and entered default judgments against National Store, Tigimex, and Vietnam on December 17, 1999. *Id.*

In a Memorandum dated July 7, 2000, however, Judge Buchwald stated that she intended to amend the December 17, 1999 Order to remove Vietnam "at an appropriate time." *Id.* at *2. First, Judge Buchwald reasoned that Glencore had failed to comply with the FSIA's service and default judgment provisions with respect to Vietnam. *Id.* Second, she found that the presumption of separateness between the corporate entities—National Store and Tigimex—and the sovereign—Vietnam—had not been overcome; therefore, Vietnam was entitled to sovereign immunity. *Id.* Judge Buchwald subsequently entered an Amended Order and Judgment removing Vietnam as a judgment debtor on October 10, 2000. Plaintiffs moved for reconsideration, which was denied on December 12, 2000. *See Glencore Denrees Paris et al. v. Dep't of Nat'l Store*

*Branch 1 et al.*, 24 Fed. Appx. 100 (2d Cir. Jan. 8, 2002). On January 8, 2002, the Second Circuit vacated both the October 10, 2000 and December 12, 2000 orders. *Id.* The case was remanded with instructions that Judge Buchwald allow the Plaintiffs to attempt to effectuate service of process on Vietnam. *Id.* An Amended Petition to Confirm the Arbitration Awards was served on Vietnam on May 1, 2002, and Vietnam responded on August 5, 2002.

Plaintiffs moved to compel discovery pursuant to Rule 37 on September 4, 2003. (Harwood Aff. Exs. 36, 37.) Vietnam cross-moved for summary judgment on November 3, 2003. (*Id.* Ex. 51.) While those motions were pending, the case was reassigned to the Honorable Richard J. Holwell, District Judge, who held oral argument on June 2, 2004. Judge Holwell denied Plaintiffs' discovery motion, reasoning that the discovery requests were "far too broad and far too argumentative . . . ." (*Id.* Ex. 56 at 27.) Instead, he ordered "rifle-shot discovery . . . on the issues [of] whether or not [National Store and Tigimex] maintained independent financial statements, what the composition of their management was and how the day-to-day operations of the entities were conducted." (*Id.*) Judge Holwell's order permitted Plaintiffs to "serve limited, focused requests on Vietnam for interrogatories or documents that are narrowly tailored to be determinative of whether defendants TIGIMEX and/or Department of National Store Branch 1 are or were alter egos of Vietnam." (Prescott Aff. Ex. L.)

The case was subsequently reassigned to the Honorable Kenneth M. Karas, District Judge, on September 3, 2004. Plaintiffs filed additional motions to compel discovery, which Judge Karas granted in part and denied in part. (*See* Harwood Aff. Ex 69.) On August 1, 2006, Vietnam filed the instant motion for summary judgment, asserting that it was immune from suit under the FSIA. Plaintiffs responded and cross-moved under Rule 37 of the Federal Rules of Civil Procedure, seeking sanctions against Vietnam for alleged discovery abuses. On October 2, 2007, the case was reassigned to the undersigned, and oral argument relating to these motions was held on May 6, 2008.

II. DISCUSSION

Plaintiffs' cross-motion under Rule 37 must be resolved before addressing Vietnam's motion because the discovery motion may impact the record upon which the Court decides whether there is subject matter jurisdiction under the FSIA.[4] In light

---

[4] The Court notes that Vietnam's FSIA argument is better characterized as an assertion of the "lack of subject-matter jurisdiction" defense under Rule 12(b)(1) because the Court must ultimately resolve any existing factual disputes to decide if the FSIA permits it to exercise jurisdiction. Whereas summary judgment is only appropriate where there exists "no genuine issue of material fact," *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006), the Court must resolve contested issues of jurisdictional fact itself before deciding upon the existence of subject matter jurisdiction under the FSIA, *see Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998). Where factual disputes arise on a motion under the FSIA, the Court is tasked with resolving them, making findings of fact, and determining if subject matter jurisdiction exists to adjudicate the claim. *Compare Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) ("Rule 56(c) provides that the trial judge shall . . . grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. *There is no requirement that the trial judge make findings of fact.*") (emphasis added), *with Filetech S.A.*, 157 F.3d at 932

of the new information introduced through the affidavits in support of Vietnam's motion, and because the record remains somewhat ambiguous as to whether Vietnam is immune from suit under the FSIA, Plaintiffs' motion is granted in part to permit limited jurisdictional discovery as outlined below. Vietnam's motion for summary judgment is denied without prejudice as premature until the discovery ordered herein is completed.

### A. Plaintiffs' Motion for Sanctions Under Rule 37(b)

Plaintiffs seek sanctions under Rule 37(b) on the basis of several objections to Vietnam's production of discovery materials. First, Plaintiffs assert that Vietnam's responses to its Fourth Set of Interrogatories, as well as documents produced in connection with those responses, are evasive and "a deliberate 'set up,'" "tailor-made" for Vietnam's present motion. (Pls.' Mem. at 8-10.) Second, Plaintiffs argue that the affidavits in support of Vietnam's summary judgment motion contradict prior representations regarding National Store and Tigimex, and they object to Vietnam's reliance on these affidavits after Defendant previously refused to produce the same witnesses for depositions. (*Id.* at 13-14.) In light of these allegations, Plaintiffs argue that sanctions are appropriate under Rule 37(b). (*Id.* at 4, 12.) Specifically, Plaintiffs move to strike: (1) Vietnam's responses numbered 1, 2, 6, 8, 15, 17, and 18 to the Fourth Set of Interrogatories; (2) documents produced by Vietnam labeled SRV 0112-0117; and (3) the affidavits of Le Hoang Thu, Nguyen Quoc Tien, and Phan Tan Huyen, which were submitted in support of Vietnam's summary judgment motion. (*Id.* at 15.) Plaintiffs also contend, on the same grounds, that paragraphs 36-40 and 42 of the Amended Petition should be deemed admitted. (*Id.*) In response, Vietnam argues—and the Court agrees—that Rule 37(b) sanctions are inappropriate because no court order to compel discovery has been disobeyed, and there is no evidence of bad faith by Vietnam during the discovery process. For the reasons that follow, Plaintiffs' motion for sanctions under Rule 37(b) is denied.

#### 1. Legal Standard

Where one party fails to respond to a discovery request, or provides evasive or incomplete responses, the aggrieved party may seek an order to compel disclosure or discovery. Fed. R. Civ. P. 37(a). District courts possess "broad discretion" to impose sanctions and afford relief if a party disobeys an order to compel discovery under Rule 37(a). *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). Rule 37(b) relief, however, is usually appropriate only where a discovery order has been violated. *See* Fed. R. Civ. P. 37(b)(2); *Bank of Credit and Commerce Int'l (Overseas) Ltd. v. Tamraz*, No. 97 Civ. 4759 (SHS), 2006

---

("Before arriving at its legal conclusion regarding the existence *vel non* of subject matter jurisdiction [under the FSIA], the district court should *resolve the disputed factual matters by means of findings of fact*.") (emphasis added). Indeed, one of the purposes of the FSIA is to avoid subjecting a foreign sovereign to the rigors of full discovery until there is a finding that the Act provides the Court with subject matter jurisdiction to exercise such authority. *See Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1333 (2d Cir. 1990) ("[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 & n.13 (1978)).

WL 1643202, at *2 (S.D.N.Y. June 13, 2006) ("Where a party is found to have failed to obey a court order compelling discovery, Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes appropriate sanctions of varying degrees of severity . . . ."); *see also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2829 (2d ed. 1994) ("Rule 37(b) usually has no application if there has not been a court order.").

2. Analysis

Rule 37(b) sanctions are not warranted because Vietnam has not violated a discovery order in this case. *See* Fed. R. Civ. P. 37(b)(2). Plaintiffs sought jurisdictional discovery pursuant to Judge Holwell's June 3, 2003 order (*see* Prescott Aff. Ex. L) through interrogatories, and Vietnam has submitted both responses and documents (*see* Harwood Aff. Exs. 59, 60, 70). Plaintiffs argue that these responses "appear designed less to address Glencore's legitimate discovery requests than to contrive alleged facts to meet conclusions regarding what Vietnam considers the dispositive issues." (Pls.' Mem. at 7.) However, Plaintiffs' inferences about Vietnam's litigation strategy, without more, are insufficient to support a finding that the responses are "evasive" within the meaning of Rule 37(a)(4). Thus, discovery sanctions are inappropriate under Rule 37(b).

Although the Court has discretion to craft similar relief under Rule 37(d) even where no discovery order has been violated, that Rule applies to interrogatory responses only where a party fails entirely to respond. *See Salahuddin v. Harris*, 782 F.2d 1127, 1130 (2d Cir. 1986). "[T]he reference in [Rule 37's] subsection (d) to a failure to respond to interrogatories does not cover the submission of some but not all answers, or the submission of all answers, some of which are inadequate. Rather, it contemplates only a serious or total failure to respond." *Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd.*, 689 F. Supp. 1340, 1358 (S.D.N.Y. 1988); *see also Flaks v. Koegel*, 504 F.2d 702, 705 n.2 (2d Cir. 1974). Thus, Plaintiffs' argument that Vietnam's interrogatory answers are evasive and non-responsive is also insufficient to require sanctions under Rule 37(d).

Finally, the Court declines to exercise its discretion to impose sanctions as part of "its inherent power to manage its own affairs." *Residential Funding Corp. v. Degeorge Fin. Corp.*, 306 F.3d 99, 106 (2d Cir. 2002). The Court will not presume bad faith on the part of Vietnam without evidence of misconduct. *See USA Gateway Inc. v. Spring Travel*, No. 03 Civ. 4026 (JFK) (RLE), 2004 WL 3030183, at *4 (S.D.N.Y. Dec. 30, 2004) (declining to impose sanctions in the absence of clear evidence that defendants violated a court order or possessed materials that should have been produced to plaintiffs). Accordingly, Plaintiffs' motion for sanctions under Rule 37(b) is denied, and the Court declines to strike any of the materials identified by Plaintiffs at this time.

B. Plaintiffs' Motion to Compel Production of Le Hoang Thu and Nguyen Quoc Tien for Depositions

Plaintiffs argue in the alternative that they are entitled to depose the witnesses upon whose affidavits Vietnam relies in support of its motion for summary judgment: Le Hoang Thu, the former director of National Store;

Nguyen Quoc Tien, the former director of Tigimex; and Phan Tan Huyen, the former Chief Accountant of Tigimex. (Pls.' Mem. at 15.) Vietnam responds that Judge Holwell denied a similar motion to compel production of witnesses in 2003, that Plaintiffs have subsequently had a sufficient opportunity to contact witnesses themselves, and, in any event, that it does not control the affiants and cannot be required to produce them. (Def.'s Opp'n. at 17-19.) For the reasons stated below, Plaintiffs' application for an order to compel Vietnam to produce Thu and Tien for depositions is granted.

1. Legal Standard

The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in federal court." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). Where there are factual disputes relating to jurisdiction, the court must "look outside the pleadings to the submissions," and "[b]efore arriving at its legal conclusion regarding the existence *vel non* of subject matter jurisdiction, the district court should resolve the disputed factual matters by means of findings of fact." *Filatech S.A. v. France Telecom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998). "[W]here jurisdictional facts are placed in dispute . . . . [a] district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003). Thus, especially in the context of discovery motions, the court must be mindful to "'give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction . . . .'" *Id.* (quoting *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000)).

2. Analysis

With respect to both Thu and Tien, although Judge Holwell denied Plaintiffs' motion for an order to compel discovery and production of witnesses in 2003, he did so because Plaintiffs' requests were "far too overbroad and far too argumentative." (*See* Harwood Aff. Ex. 56 at 27.) Plaintiffs' present request has been narrowed significantly, and deposing Thu and Tien appears to be one of the most direct routes to striking the "rifle shot" that Judge Holwell prescribed: both witnesses likely have first-hand knowledge relating to the respective management, day-to-day operations, and structure of the financial statements of Tigimex and National Store.

Moreover, after refusing to produce these witnesses in the past, Vietnam's submission of the Thu and Tien affidavits introduces new, arguably contradictory, evidence into the record regarding the status of National Store and Tigimex, which Plaintiffs are entitled to explore. For example, in her affidavit in support of Vietnam's motion, Thu states that "National Store conducted entrepreneurial activities unrelated to the national reserve plans assigned to National Store by [Vietnam's] National Reserve Department in order to improve the income of its employees." (Thu Aff. ¶ 5.) This statement sits in significant tension with Thu's 1996 statement to the ICC that "[t]he primary function of the D.N.S. of Vietnam is to fulfill the responsibility of storing as many resources as possible for the country. Doing business is only of secondary importance to us." (Harwood Aff. Ex. 3 at 2.) Similar discrepancies remain in the record regarding the status of Tigimex. Vietnam produced

Tigimex's charter to Glencore (Harwood Aff. Ex. 14 at 2, SRV0003) and also included it as Exhibit A to the Tien Affidavit. Glencore's translation of Article 2 of the document begins: "Tigimex is a *state run* business . . . ." (*Id.* at 2 (emphasis added).) Vietnam's translation of the identical document, which is appended to the Tien Affidavit, translates the same language as "Tigimex is [sic] state enterprise." (Tien Aff. Ex. A at 1.) The former interpretation supports Plaintiffs' argument that Vietnam had sufficient control over Tigimex's day-to-day activities to be subject to this Court's subject matter jurisdiction under the FSIA. The latter interpretation sheds little light on the matter; if anything, it suggests that Tigimex was simply a business organized under the laws of Vietnam.

These inconsistencies bear directly on the issue of subject matter jurisdiction raised in Vietnam's motion. In order to give Plaintiffs the "ample opportunity" to which they are entitled to "secure and present evidence relevant to the existence of jurisdiction," *APWU*, 343 F.3d at 627, Plaintiffs should be allowed an opportunity to explore the status of Tigimex and National Store by deposing Thu and Tien.

Additionally, the Court finds that this discovery would help clarify the record and facilitate the Court's determination regarding subject matter jurisdiction under the FSIA. *See Argentine Republic*, 488 U.S. at 434; *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493 (1983) (FSIA "must be applied by the district courts in every action against a foreign sovereign, since subject-matter jurisdiction in any such action depends on the existence of one of the specified exceptions to foreign sovereign immunity").

Depositions of Thu and Tien are the most expedient approach to resolving this issue. *See Reiss v. Societe Centrale du Groupe des Assurances Nationales*, 235 F.3d 738, 747-48 (2d Cir. 2000) (remanding for jurisdictional discovery and noting that deposition of two French nationals, one of whom served as the director of the defendant company, "would be helpful . . . to assist the court in undertaking an FSIA jurisdiction analysis"); *see also In re Minister Papandreou et al.*, 139 F.3d 247, 253-54 (D.C. Cir. 1998) (finding district court's authorization of depositions of cabinet-level officials inappropriate where, *inter alia*, depositions of employees of the defendant government ministry were a less-intrusive alternative). Therefore, weighing, as the Court must, the comity concerns attendant in requiring a foreign sovereign to produce witnesses as part of additional jurisdictional discovery, and based on the new evidence in Vietnam's submission of the Thu and Tien affidavits, the Court finds this to be a situation where discovery should be "ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination" under the FSIA. *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) (quoting *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992)).

Accordingly, Vietnam is hereby ordered to produce Le Hoang Thu and Nguyen Quoc Tien[5] for depositions limited to discovery on the issues that Judge Holwell outlined in

---

[5] Plaintiffs make no independent arguments regarding their need to depose Phan Tan Huyen, the former Chief Accountant of Tigimex. Therefore, while Glencore is free to seek to depose Huyen, the Court declines to order Vietnam to produce him.

8

2003: "who ran [Tigimex and National Store] on a day-to-day basis; the financial status of these companies; whether they had financial statements or not; and similar issues which are defined by the cases as being determinative of the alter ego theory." (Harwood Aff. Ex. 56 at 34). In the event that Vietnam fails to produce Thu and Tien, and if Vietnam resubmits those witnesses' affidavits in connection with a subsequent motion, Plaintiffs may move to strike those affidavits from the record at that time.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' motion for sanctions under Rule 37(b) is denied. Plaintiffs' application for an order to compel Vietnam to produce Le Hoang Thu and Nguyen Quoc Tien is granted, according to the terms set forth herein. In light of the foregoing, Vietnam's motion for summary judgment is dismissed without prejudice as premature until the discovery described above is completed. The Clerk of the Court is respectfully directed to terminate the motions docketed as document numbers 122 and 126.

SO ORDERED.

_____
RICHARD J. SULLIVAN
United States District Judge

Dated: September 19, 2008
   New York, New York

Appearances:

Jeremy J.O. Harwood, Esq.
Healy & Baillie, LLP
New York, NY
*Counsel for Plaintiffs*

Darrell Prescott, Esq.
Vasilis F.L. Pappas, Esq.
Baker & McKenzie, LLP
New York, NY
*Counsel for Defendant The Socialist Republic of Vietnam*